UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------- :
SECURITIES AND EXCHANGE                                 :
COMMISSION,                                             :
                                                        :
                    Plaintiff,                          :
                                                        :
             v.                                         :   CIVIL ACTION NO. 09-CV-0063-PD
                                                        :
JOSEPH S. FORTE and                                     :
JOSEPH FORTE, L.P.,                                     :
                                                        :
                    Defendants.                         :
------------------------------------------------------- :
                                                        :
COMMODITY FUTURES TRADING                               :
COMMISSION,                                             :
                                                        :
                    Plaintiff,                          :
                                                        :
             v.                                         :   CIVIL ACTION NO. 09-CV-0064-PD
                                                        :
JOSEPH S. FORTE,                                        :
                                                        :
                    Defendant.                          :
------------------------------------------------------- :
```

## ORDER SETTING A CLAIMS BAR DATE, ESTABLISHING CLAIMS RESOLUTION PROCEDURES, AND APPROVING DISTRIBUTION METHODOLOGY

AND NOW, this 16th day of May, 2012, upon consideration of the Receiver's Motion for an Order Setting a Claims Bar Date, Establishing Claims Resolution Procedures, and Approving a Distribution Methodology *(Civ. No. 09-63, Doc. No. 90; Civ. No. 09-64, Doc. No. 75)*, it is hereby ORDERED that

The Receiver's Motion is GRANTED, and the Court further orders that:

## Claims Bar Date

(1)    The Receiver shall give notice of the Claims Bar Date, using forms substantially identical to the Notice of Claims Bar Date and Procedure for Filing Claims and Claim Forms attached as Exhibits A, B, and C to the Motion, according to the procedures set forth in Section XI of the March 30, 2009, Order appointing Marion A. Hecht as Receiver for Defendants.  Such notice shall include publication on the Receivership website, provision of the Notice via e-mail to the SEC and CFTC, and provision of notice by first class mail to any person or entity whom the Receiver reasonably believes may have a claim against Joseph S. Forte or Joseph Forte L.P., including all the Partnership's investors.

(2)    The Receiver shall also publish notice substantially identical to the form attached as Exhibit D, in the Philadelphia Inquirer and the Legal Intelligencer once per week, during two successive weeks, no less than 30 days before the Bar Date.

(3)    The last day for submitting a claim against the Receivership Estate shall be Monday, July 16, 2012.  **FAILURE TO SUBMIT A *TIMELY* CLAIM WILL RESULT IN THAT CLAIM BEING BARRED.**

(4)    All claims against the Receivership Estate shall be submitted to the Receiver at the following address by receipted first class mail or other receipted method of delivery:

> Marion A. Hecht, Receiver for Joseph S. Forte and Joseph Forte, L.P
> c/o CliftonLarsonAllen LLP
> 4250 North Fairfax Drive, Suite 1020
> Arlington, VA 22203

All claims must be postmarked or otherwise received by the Receiver on or before Monday, July 16, 2012.  The burden shall be on the claimant to demonstrate timely submission. Administrative claims against the Receivership Estate are specifically excluded from the requirements of this Order.

(5) All claims against the Receivership Estate by the Partnership's investors shall be filed in writing using a form substantially identical to the Claim Form attached to the Motion as Exhibit B.

(6) All claims against the Receivership Estate by claimants other than the Partnership's investors shall be filed in writing using a form substantially identical to the Claim Form attached to the Motion as Exhibit C.

(7) Submission of a claim in no way obligates the Receiver to recommend the allowance of the claim. Among other things, it has not yet been determined whether non-investor claimants will be included in any distribution from the Partnership Estate and, if so, how such distributions shall be calculated.

### Service By First Class Mail

(8) Wherever the Receiver is required to serve claimants or other interested parties by first class mail pursuant to this Order, service shall be made on the party's counsel, or, if unrepresented, at the party's last known address.

### Confidentiality

(9) In all public filings provided for in this Order, the Receiver shall maintain investor confidentiality by identifying investors by investor number only, but may file a copy that includes investor names under seal with the Court.

### Claims Evaluation Process

(10) In implementing this Order and evaluating claims, the Receiver shall undertake the following steps.

**Quantitative Claim Determination**

(a) On or before Wednesday, August 15, 2012, the Receiver shall file a Preliminary Quantitative Claims Report listing the full amount of each timely filed Claim (whether filed by an investor in the Partnership or by another alleged creditor of the Partnership or Joseph S. Forte) together with her assessment of its validity and legal payment priority (for instance, whether the claim is properly made against the Receivership Estate; or whether the debt is secured or unsecured, or has priority for any other reason). This assessment shall not include the equitable and investor state-of-mind considerations to be assessed in the Qualitative Claims Determination pursuant to paragraphs 10(d) through (f) below. The Receiver shall serve this Preliminary Quantitative Claims Report on all interested parties by posting it on the Receiver's website, and in addition shall serve each claimant by first class mail.

(b) Within 30 days of receipt of the Preliminary Quantitative Claims Report, any claimant who disputes the Receiver's determinations regarding the extent, validity, or priority of his or her claim shall notify the Receiver of the dispute. The dispute notice must be postmarked or otherwise received by the Receiver within 30 days of the date that the Preliminary Quantitative Claims Report was placed into first-class mail by the Receiver. The burden shall be on the claimant to demonstrate timely submission.

(c) If the disputing claimant and the Receiver cannot reach a resolution of the dispute after a good faith effort to do so, and the issue is not already before the Court in the context of ancillary litigation, the disputed claims shall be submitted to the Court for resolution in accordance with paragraph (11), below.

**Qualitative Claim Determination for Investor Claimants**

(d) To the extent warranted by the size of an investor's claim, the Receiver shall conduct such discovery as is, in the Receiver's estimation, reasonable to determine each investor's state of mind regarding the fraud (the "Qualitative Claim Determination").

(e) In evaluating each claim for the purposes of formulating recommendations concerning distributions, the Receiver shall take into account the level of notice of the fraud attributable to each investor that has been developed in the discovery process. Specifically:

(i) if the Receiver determines that an investor was a culpable participant in Joseph S. Forte's Ponzi scheme either by knowingly or recklessly taking actions that furthered the Ponzi scheme or by willfully closing his or her eyes to the fraud, the Receiver shall recommend no distribution to that investor;

(ii) if the Receiver determines that an investor was on inquiry notice with respect to the illicit operation of the Partnership, the Receiver shall recommend that the investor share equitably in distributions only if (1) the false profits and principal withdrawn during the period after the investor was on inquiry notice are returned to the Receivership Estate or (2) the Receiver and the investor reach an agreement that is approved by the Court concerning a recommended claim amount that takes into account the investor's level of inquiry notice; and

(iii) if the Receiver determines that an investor was not on inquiry notice with respect to the illicit operation of the Partnership, such investor shall be allowed his or her full share as calculated under Paragraph (15) of this Order.

**Qualitative Claims Determination for Non-Investor Claimants**

(f) With respect to non-investor claimants, the Receiver may exercise discretion whether or not to conduct discovery regarding state-of-mind or other equitable issues, and, irrespective of whether claimant-specific discovery is taken, may recommend adjustment or non-payment of a non-investor's Quantitative claim on equitable or any other applicable grounds.

**Qualitative Claim Reports**

(g) Upon completion of all necessary discovery related to the Qualitative Claim Determination for each claimant, the Receiver shall send a Qualitative Claim Report to that claimant by first-class mail.  For investor claimants, the Receiver shall set forth the notice category to which the Receiver has assigned them.  For investors whose recommended claim amount is reduced due to the Receiver's determinations regarding their level of notice, the Receiver shall describe in detail the factual grounds for her determinations and provide all documents related to the Qualitative or Quantitative Claim Determinations, including any documents supporting or refuting those Determinations.  For non-investor claimants whose claims have been adjusted under paragraph (10)(f), the Receiver shall explain the reasons for the adjustments.  For all claimants, the Receiver shall set forth the resulting claim calculation ("Adjusted Claim Amount").

(h) Each claimant shall have 30 days from service to notify the Receiver of any objection to the Receiver's proposed Qualitative Adjustments to his or her claim and the grounds, factual or otherwise, for such objection.  The claimant's notice of objection must be postmarked or otherwise received by the Receiver within 30 days after the date that the Receiver's Qualitative Claim Report was mailed.  The burden shall be on the claimant to demonstrate timely submission.

(i) If the claimant disputes either the Receiver's Qualitative Claim Determination or the Adjusted Claim Amount set forth in the Receiver's Qualitative Claim Report, and the parties cannot, after a good faith attempt, reach a resolution and the issues in dispute are not before the Court in the context of ancillary litigation, the dispute shall be submitted to the Court for resolution in accordance with paragraph (11), below.

**Claim Dispute Motions**

(11) Any disputes over Quantitative Claim Determinations, Qualitative Claim Determinations, or Adjusted Claim Amounts that cannot be resolved by the parties after a good faith attempt, and which are not the subject of ancillary litigation, shall be submitted in motion form by the Receiver to the Court for adjudication (the "Claim Dispute Motions"). Subject to the following procedures and further order of the Court, the motion shall be adjudicated in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing Motion practice.

(a) The Receiver shall serve each Claim Dispute Motion by first class mail upon each claimant with a disputed claim that is the subject of the motion. All other interested parties shall be served by the posting of the Claim Dispute Motions on the Receiver's website. The Claim Dispute Motion shall state with particularity the grounds for the relief requested as required by Federal Rules of Civil Procedure 7(b). A Claim Dispute Motion shall not include any claim by the Receiver for clawback or any other affirmative recovery against a claimant but shall instead seek only the resolution of the dispute between the Receiver and the claimant regarding the Quantitative Claim Determination, the Qualitative Claim Determination, or the Adjusted Claim Amount.

(b) During the sixty (60) day period following service of the Claim Dispute Motion, the Receiver and the claimant with a disputed claim that is the subject of the Claim Dispute Motion may engage in discovery on matters relevant to the resolution of the motion. Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure, provided, however, that all responses to discovery requests served pursuant to Rules 33 and 34 shall be due within twenty (20) days of service.

      (c)      Each claimant with a disputed claim that is the subject of a Claim Dispute Motion shall respond to the motion within twenty-one (21) days after the deadline for completion of discovery concerning the Claim Dispute Motion.

      (d)      The Receiver may file a reply brief in support of the Claim Dispute Motion within twenty-one (21) days after the filing of the claimant's response to the Claim Dispute Motion.

      (e)      If either the Receiver or the claimant with a disputed claim that is the subject of the Claim Dispute Motion contends that disputed issues of material fact preclude the resolution of the Motion on the basis of the papers submitted by the parties, the Court will schedule an evidentiary hearing so that the Court may resolve such disputed factual issues. A transcript will be made of this hearing.

      (f)      In resolving the Claim Dispute Motions, the Court will set forth its reasons for granting or denying the Claim Dispute Motion and will apply the same substantive law as would govern analogous ancillary litigation, including the law governing the allocation of burdens of proof.

      (g)      At any point prior to the Court's resolution of a Claim Dispute Motion, the Receiver may elect to commence ancillary litigation against a claimant who is subject to the Claim Dispute Motion, in which ancillary litigation the Receiver may seek, among other things, affirmative recovery in the form of clawback of payments received by the claimant from Joseph Forte, L.P (the "Partnership") at any point during the life of the Partnership. The Receiver's commencement of ancillary litigation against the claimant shall serve to stay proceedings relating to the adjudication of the Claim Dispute Motion with respect to that claimant and, upon

entry of final judgment in the ancillary litigation, the Court shall resolve the Claim Dispute Motion as to the claimant consistent with such final judgment in the ancillary litigation. Once the Court has resolved a Claim Dispute Motion as to a claimant, the Receiver shall be barred from commencing any clawback or other ancillary litigation against that claimant and shall also be barred from otherwise seeking any affirmative recovery from that claimant. The Receiver's use of any judgment entered in connection with a Claim Dispute Motion shall be limited to its use for offset purposes in connection with the Receiver's final claim determination and distributions.

### Final Claim Distribution Report

(12)     The Receiver shall inform the Court when all disputes have been submitted to the Court by motion and post notice of the same on the Receiver's website. Upon the Court's resolution of all Claim Dispute Motions that are not stayed as a result of the pendency of ancillary litigation, the Receiver shall file a Final Claim Determination Report, setting forth the final claim determinations, including all Qualitative adjustments, for approval by the Court. The Receiver shall serve the Final Claim Determination Report upon all claimants by first class mail and on any other interested parties by posting it on the Receiver's website. All objections to the Final Claim Determination Report shall be filed within 30 days after the date that the Report was placed into first-class mail by the Receiver. The only permissible grounds for objection shall be that the Final Claim Determination Report does not comport with the Court's resolution of a Claim Dispute Motion or with an agreement previously reached with the Receiver. The Final Claim Determination Report shall list any claims that are the subject of ancillary litigation as "disputed." Upon the resolution of any objections to the Final Claim Determination Report, the Court will enter a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure

with respect to the claims that are the subject of the Final Claim Determination Report, other than the disputed claims that are the subject of ancillary litigation.  With respect to any claims that are the subject of the Final Claim Determination Report as approved by the Court, the Receiver shall be barred from commencing any clawback or other ancillary litigation against that claimant and shall be also be barred from otherwise seeking any affirmative recovery from that claimant.  The Receiver's use of any judgment entered in connection with the Final Claim Determination Report shall be limited to its use for offset purposes in connection with the Receiver's final claim determination and distributions.

## **Distributions**

(13)   If and when the Court issues an Order approving the Final Claim Determination Report as submitted or modified by the Court, the Receiver will post that Order upon her website.  After the time for any appeals of that Order has expired, or the resolution of any such appeals, the Receiver shall distribute the Receivership Assets according to the Court-approved distribution formula to the extent that such distribution is practical in view of the needs of the continued Receivership, including any pending Receivership litigation.

(14)   In the event that the Receiver determines that an interim distribution is in the best interests of the Receivership Estate, the Receiver shall hold a reserve of the Receivership Assets in an amount reasonably necessary to pay the costs of winding up the Estate after distribution of the assets; and to the extent that there remains litigation that has not been resolved when the balance of the Estate is ready for distribution, the Receiver shall hold an additional reserve of the Receivership Assets in the amount necessary to pay the costs, including the Receiver's fees and attorney's fees, of that remaining litigation as well as an amount necessary to account for amounts at issue in the litigation.  The distribution of any funds remaining after winding up of

the Receivership Estate or resolution of litigation shall be distributed pursuant to the Court-approved distribution formula established herein unless otherwise ordered by this Court.

(15) When Receivership Assets are distributed to the Partnership's investors, they shall be distributed according to the Forte Hybrid methodology as defined in the Receiver's Motion for an Order to Show Cause and an Order Approving Claims Bar Date, Claims Resolution Procedures, and Distribution Methodology and supporting memorandum of law ("Receiver's Motion"). Specifically, as proposed in the Receiver's Motion, 50% of the assets available for distribution shall be distributed in accordance with the "Rising Tide" methodology; and the remaining 50% of the assets available for distribution shall then be distributed in accordance with the "Net Investment" methodology, using each investor's adjusted claim amount as reduced by any Rising Tide distributions to allocate the remaining assets according to dollar amount lost. For the reasons set forth in the Receiver's Motion, this hybrid of the Rising Tide and Net Investment methodologies for the distribution of the Receivership Assets is approved as equitable and fair under the circumstances presented herein.

Capitalized terms used in this Order that are defined or explained in the Receiver's Motion or supporting Memorandum of Law, such as "Rising Tide," "Net Investment," and "Clawback Claims," shall retain those meanings.

Done this 16th day of May, 2012.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
**Paul S. Diamond, J.**